UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                    Case No. 17-56349

HOWARD CHANDLER SLANEC,            Chapter 13
and
ELIZABETH PAGE SLANEC,                Judge Thomas J. Tucker

                 Debtors.
_____/

**ORDER DENYING, WITHOUT PREJUDICE, MOTION TO EXCUSE REQUIREMENT
REGARDING DOMESTIC SUPPORT OBLIGATIONS FOR DECEASED DEBTOR**

       This case is before the Court on the motion filed on June 13, 2023, entitled "Motion to Excuse the Requirements That Co-Debtor, Howard C. Slanec, File the Certification Regarding Domestic Support Obligations and Official Form 23, Debtor's Certification of Completion of Instru[c]tional Course Concerning Pe[r]sonal Financial Management" (Docket # 52, the "Motion"). The Motion seeks an order excusing the Debtor Howard Chandler Slanec from "the requirement of the filing of the Certification Regarding Domestic Support Obligation and Official Form 23, Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management." (*Id*.) The Motion states that the Debtor Howard Chandler Slanec "passed away on December 2, 2021." (*Id.* at 1 ¶ 3.)

       The Motion must be denied, because it was not filed by or on behalf of anyone with standing to seek the relief sought. The Motion was purportedly filed by the Debtors' attorney. But the Debtor Howard Chandler Slanec is deceased and the Motion does not show that the Debtor Elizabeth Page Slanec or her attorney has standing or authority to file a motion on behalf of the deceased Debtor.

       Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a motion seeking relief on behalf of the deceased Debtor, Howard Chandler Slanec. *See In re Beach*, No. 20-47886, 2022 WL 1446748 (Bankr. E.D. Mich. May 6, 2022); *In re Pack*, 634 B.R. 738, 739 (Bankr. E.D. Mich. 2021); *In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000)) ("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor."); Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3) (stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state

and the courts of another jurisdiction as the decedent had immediately prior to death").

The Motion does not allege or demonstrate that Elizabeth Page Slanec is the personal representative of the deceased Debtor Howard Chandler Slanec.

For these reasons,

IT IS ORDERED that the Motion (Docket # 52) is denied.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of a duly appointed personal representative of the deceased Debtor to file a motion seeking the same relief that was sought by the present Motion. The Court expresses no view, at this time, about the merits of any such potential future motion.

**Signed on June 15, 2023**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**